UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE INDIANA

| ANTIONE BILLINGSLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | CAUSE NO.: 1:13-CV-324-TLS |
| DAVID HUNTER, ALLEN COUNTY | ) |  |
| COMMUNITY CORRECTIONS, and | ) |  |
| ALLEN COUNTY SHERIFFS | ) |  |
| DEPARTMENT, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion for Summary Judgment [ECF No. 21], and accompanying Memorandum in Support of Motion for Summary Judgment [ECF No. 22], filed on December 19, 2014. The Plaintiff, proceeding *pro se*,[1] filed a Response titled "Statement of Material Facts" [ECF No. 24] on January 12, 2015. The time for filing a reply brief has passed, and the Motion is now ripe for ruling. For the reasons stated below, the Court grants the Motion for Summary Judgment.

**STATEMENT OF FACTS**

Except where noted, the following facts are undisputed. The events surrounding this case took place on May 25, 2013, at approximately 9:39 PM, when the Defendant, Officer David

---

[1]Pursuant to Local Rule 56-1, the Defendants provided the Plaintiff with notice [ECF No. 23] of the legal consequences of failing to properly address the Defendants' Motion for Summary Judgment on December 19, 2014. The Notice informed the Plaintiff as to the sort of facts and allegations that needed to be presented in order to defeat summary judgment, and that failing to properly present evidence by which a jury could find in his favor may result in judgment being entered against him.

Hunter,[2] parked his unmarked police car in front of a house at 4403 Warsaw Street, Fort Wayne, IN. The Defendant was in the process of conducting an unannounced visit at the residence of an individual on home detention at 4423 Warsaw Street, Fort Wayne, IN. The Defendant was accompanied by his K-9 unit, "Zeke," and his partner, Officer Ferguson, who was in a separate car. The Defendant and Officer Ferguson parked their cars a few houses to the north of 4423 Warsaw Street to prevent the home detention resident from observing their arrival.

The Plaintiff's, Antione Billingsley's, house has a screened-in front porch, which is an exterior room distinguishable from the rest of the house. This porch connects to the front yard, which is estimated to be between twenty to twenty-five feet in length. Billingsley Dep. 7:5–7, ECF. No. 21 Ex. B. A sidewalk runs in front of the property, with a small berm between the sidewalk and Warsaw Street. To enter the house, one has to go through the steel screen door, across the porch, and then through the actual front door to the living room. Billingsley Dep. 7:1–17, 8:2–17, 15:3–16:17, ECF. No. 21 Ex. B. The Plaintiff's dogs were allowed to roam freely inside the house and within the screened-in porch.

At the time of the incident, the Plaintiff was across the street inside his cousin's house. "Baby," the Plaintiff's three-year-old pit bull dog, was roaming inside the Plaintiff's house and the screened-in porch. Kimberley Wiegand, the Plaintiff's fiancé, was inside the house on the living room computer. Robert Craig, who also apparently resides with the Plaintiff, was inside

---

[2]The Defendant is a sworn Special Deputy Sheriff, employed by Allen County Community Corrections as a Home Detention Officer. The Defendant was dressed in full police uniform. Def.'s Aff. ¶¶ 3–5, ECF. No. 21 Ex. A.

the house as well.[3]

As the Defendant exited his unmarked police vehicle, he immediately became aware of loud barking coming from the Plaintiff's house. As he proceeded to the sidewalk en route to 4423 Warsaw Street, the Defendant continued to monitor the house and the "tan colored pit bull type" dog who was causing the disturbance. As the Defendant began walking on the sidewalk in front of the Plaintiff's house, the dog jumped onto the screen door, knocking it open. Upon opening the door, the dog began running directly in the Defendant's direction in an aggressive manner. Fearing for the safety of himself and his fellow officer, the Defendant backed off the sidewalk until he was pressed against a parked car along the street. According to the Defendant, he "repeatedly yelled for someone to stop or control the dog, but no one responded." Def.'s Aff. ¶ 8, ECF. No. 21 Ex. A.

At this point, the Plaintiff was still across the street at his cousin's house, and Ms. Wiegand was inside the Plaintiff's house. With the dog quickly approaching, the Defendant drew his firearm, and when the dog had closed to within five feet, the Defendant fired his weapon. The dog yelped loudly and turned back towards the house, but then spun and continued back towards the Defendant. Fearing the dog would continue to come at him, the Defendant fired again. The dog again yelped loudly, and proceeded to run back into the house at 4403 Warsaw Street and did not reappear. The Defendant claims that he fired two shots, although the Plaintiff asserts there were three shots. In his Complaint, the Plaintiff asserts that once Ms. Wiegand heard the shots, she ran out of the house "[a]s Officer Hunter fired the third and final shot", exclaiming that her

---

[3]The record does not identify where in the house he was, nor is any information provided that suggests he witnessed the events in this case.

dog was shot. Compl. ¶ 3, ECF. No. 1; Def.'s Aff. ¶ 11, ECF. No. 21 Ex. A. In his Deposition, the Plaintiff asserts that Ms. Wiegand was at the computer and was able to see what the dog was doing, but she only "[h]eard the shots" and only went outside "[w]hen Officer Hunter was firing his weapon." Billingsley Dep. 19:15–24, 23:19–22, ECF. No. 21 Ex. B. The Plaintiff, who had heard the barking and growling as well as the gun shots, ran outside as well. Billingsley Dep. 16:18–17:8, 21:18–23, ECF. No. 21 Ex. B. When the Plaintiff attempted to enter his house, the Defendant kept him outside. The Defendant then immediately called dispatch, informed Allen County Community Corrections command staff of the incident, and called Animal Care and Control.

After speaking with the Fort Wayne Police Department, the Plaintiff left with the dog and Animal Care and Control. The dog suffered a shattered left shoulder, and gun shot injuries to front part of her body, namely her chest and right forearm. Which shots caused which injuries is never fully explained. The dog survived and made a "98% recovery." Billingsley Dep. 33:1–2, ECF. No. 21 Ex. B. The total medical bills to treat and repair the dog's shoulder were approximately $3,600.00.

## STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material facts, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 247–48 (1986) (emphasis in original). A genuine issue of material fact exists if there is sufficient evidence for a jury to return a verdict in favor of the nonmoving party. *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 905 (7th Cir. 1990). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A complete failure of proof concerning an essential element of the nonmoving party's case (and which the nonmoving party has the burden of proof) necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Self-serving and conclusory statements are not considered in summary judgment review unless they are supported by personal knowledge. Fed. R. Civ. P. 56(e). "[S]elf-serving, uncorroborated, and conclusory statements in testimony are insufficient to defeat a motion for summary judgment." *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (citing *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 939 (7th Cir. 1997)). However, if the evidence meets the requirements of Rule 56(e) by setting forth specific facts from personal knowledge showing that there is a genuine issue for trial, a self-serving statement is an acceptable method for a nonmoving party to present evidence of disputed material facts. *Hill v. Tangherlini*, 724 F.3d 965, 967–68 (7th Cir. 2013); *Payne*, 337 F.3d at 773. "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). District Courts are not "obliged in our adversary system to scour the record looking for factual disputes." *Greer v. Bd. of Educ. of City of Chi., Ill.*, 267 F.3d 723, 727 (7th

5

Cir. 2001); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir. 1993).

## ANALYSIS

**A.      Plaintiff's 42 U.S.C. § 1983 Fourth Amendment Claim**

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his Fourth Amendment rights by the Defendants for shooting his dog.

When considering a Fourth Amendment violation where a companion dog is shot by a police officer, the police officer's actions are analyzed under a reasonableness standard. *Viilo v. Eyre*, 547 F.3d 707, 710 (7th Cir. 2008) (citing *United States v. Place*, 462 U.S. 696, 703 (1983)). The reasonableness standard regarding an officer's actions is an objective view of the officer's actions by a reasonable person, not the subjective view of the officers themselves. *Graham v. Connor*, 490 U.S. 386, 387 (1989). Accordingly, courts allow for police officers to make split-second decisions about the amount of force necessary in circumstances that are uncertain and rapidly evolving. *Viilo v. City of Milwaukee*, 552 F. Supp. 2d 826, 838 (E.D. Wis. 2008); *Altman v. City of High Point, N.C.*, 330 F.2d 194, 205 (4th Cir. 2003). "[The] use of deadly force against a household pet is reasonable only if the pet poses an immediate danger and the use of force is unavoidable." *Eyre*, 547 F.3d at 710. A warrantless seizure of a dog may be reasonable if the governmental interest justifying the seizure is sufficiently compelling and the nature and extent of the intrusion is not disproportionate to that interest. *Brown v. Muhlenberg Tp.*, 269 F.3d 205, 210 (3rd Cir. 2001) (citing *Place*, 462 U.S. at 703). Similarly, "[w]hen a dog leaves the control of his owner and runs at large in a public space, the government interest in controlling the animal and preventing harassment or attacks on people or other pets, among other

6

harms waxes dramatically, while the private interest correspondingly wanes." *Altman*, 330 F.3d at 200–02. The response of the officer must be proportional to the threat the dog poses to the officer and the public. *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 863 (7th Cir. 2010); *compare Brown*, 269 F.3d at 210–11 (officer commits an unreasonable seizure when he shoots a dog five times that had simply wandered beyond its containment fence and not displaying aggressive behavior, especially if the owner was nearby in a position to notice the dog was loose and take action himself), *with Warboys v. Officer Proulx*, 303 F. Supp. 2d 111, 118 (D. Conn. 2004) (officer commits a reasonable seizure when he encounters a 100-pound pitbull, clearly unrestrained, that is running towards the officer aggressively and closed to within ten feet, and fires his weapon).

Two factual disputes arise between the parties. The Plaintiff alleges that the Defendant fired his weapon three times; the Defendant claims that he fired two times. The Plaintiff also alleges that the dog was running away from the Defendant when the Defendant shot at the dog. Neither factual dispute creates a genuine issue of material fact. First, although the number of shots fired is relevant to the reasonableness inquiry of the Defendant's actions, it is not controlling. An illustrative case is *Viilo v. City of Milwaukee*, 552 F. Supp. 2d 826 (E.D. Wis. 2008), where a large dog ran at a police officer, and the police officer responded by shooting the dog twice with a shotgun. The officer then shot the dog two more times during the course of events for a total of four shots. The first and second shots were not contested by the plaintiffs. The court even noted that the fourth shot could have been reasonable to end the dogs suffering, except for the fact it would have been unnecessary without the third shot. *Id.* at 840. But the plaintiff presented sufficient evidence by which a jury could rule in the plaintiff's favor and find

7

the third shot unreasonable, thus defeating the motion for summary judgment by the defendants. The plaintiff presented evidence that the dog was injured and cowering in the bushes, no longer posing a threat to the officers. Evidence in support of the plaintiff included multiple witnesses, expert testimony, and the plaintiff herself as an eyewitness. *Viilo*, 552 F. Supp. 2d at 838. Summary judgment was denied to the defendant officer in *Viilo* not because of how many shots were fired, but because the plaintiff presented sufficient evidence by which a jury could find that the dog was shot while cowering behind a bush and no longer posing a threat after being shot twice, which could amount to Fourth Amendment violation.

Here, the Plaintiff does not present any evidence to support his assertion that the dog was shot more times than reasonably necessary. The Plaintiff provides only a self-serving statement in his Statement of Material Facts [ECF No. 24] that the Defendant shot his dog three times. Yet, the Plaintiff was inside a house across the street, and therefore does not have personal knowledge of the events that occurred. *Cf. id.* (in denying summary judgment, at least two witnesses could corroborate the plaintiff's version of the facts). The Plaintiff's bare statement[4] that it was unreasonable to shoot his dog three times, without any supporting evidence, is not enough to defeat summary judgment. *Payne*, 337 F.3d at 772 (self-serving statements, unsupported by specific facts or personal knowledge as required by Federal Rules of Civil Procedure 56(e) and Federal Rules of Evidence 602, are insufficient to defeat a motion for summary judgment).

The dispute as to whether the Defendant fired two or three shots is only material if the Plaintiff can show that the threat or disposition of the dog was different between the shots. The

---

[4] "[I] feel that three shots was [ex]ce[ss]ive ma[c]e would have been more appropriate also this isnt a vi[c]ious animal, one shot would have stopped any threat, three shots to[o] much!" Comp. 3, ECF No. 1

Plaintiff asserts that the dog was running away on all three shots, but does not present any evidence to support this claim or by which a reasonable jury could accept his version of the facts. *Cf.* Def.'s Aff. ¶ 7, ECF. No. 21 Ex. A. Again, at the time of the shooting, the Plaintiff was across the street, inside his cousin's house, and only went to investigate what had happened after the incident was over and the dog had run back inside. Billingsley Dep. 17:2–10, ECF. No. 21 Ex. B. As stated previously, self-serving statements are only given evidentiary weight when supported by facts or personal knowledge. *Hill*, 724 F.3d at 967–68 (reversing grant of summary judgment for the defendant because district court dismissed self-serving evidence even though it was supported by personal knowledge).

Here, there is no support in the Plaintiff's Deposition—which relies, not on his own personal knowledge, but largely the hearsay of what Ms. Wiegand told him happened[5]—or in the Defendant's affidavit for the proposition that the dog was running away. What the uncontradicted facts show are that once the dog, barking loudly and jumping up on the screen door, escaped the house, the dog approached in an aggressive manner to within five feet of the Defendant and received gunshot wounds to the front of his body. Considering the split-second nature of the events and the safety interest to himself and the public, firing his weapon to protect himself and the public was a reasonable response. *Eyre*, 547 F.3d at 710; *Viilo*, 552 F. Supp. 2d at 838; *Altman*, 330 F.2d at 205. Defendant Officer Hunter is entitled to summary judgment because there are no genuine issues of material fact, and the Defendant is entitled to judgment as a matter

---

[5]Billingsley Dep. 21:13–15, ECF. No. 21 Ex. B. It is not established that Ms. Wiegand has personal knowledge herself, as the Deposition clearly stated she only "heard" the shots. *Id.* at 19:15–24. The Plaintiff is not entirely consistent between his Deposition, Complaint, and Response, but it is uncontested that Ms. Wiegand did not exit the living room until the shots were fired.

of law.

**B.     Defendants Allen County Community Corrections and Allen County Sheriff's Department**

The Plaintiff argues that Allen County Community Corrections and the Allen County Sheriff's Department are liable for the shooting of the Plaintiff's dog because they failed to properly investigate an officer firing his weapon in the line of duty and they failed to investigate the Plaintiff's claim. Statement of Material Facts [ECF No. 24]. The Plaintiff claims he never gave a statement after the incident, but says he "talked to a couple people" within the Fort Wayne Police Department who asked him questions. Billingsley Dep. 24:6–25:11, ECF. No. 21 Ex. B. Aside from this statement, no additional information exists in the record as to the involvement of the Allen County Community Corrections and Allen County Sheriff's Office.

Government institutions can be held liable for a § 1983 violation. *Belbachir v. Cnty. of McHenry*, 726 F.3d 975, 983 (7th Cir. 2013) (doctrine of respondeat superior inapplicable to § 1983 cases, but an institution can violate § 1983 just as an individual can). "Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers . . . [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). For these Defendants to be liable, the Plaintiff must show that the alleged violation was caused by a policy or custom. *Id.* at 694. Here, the Defendant Officer Hunter committed no constitutional violation, and the Plaintiff has not identified a policy

or custom of Defendants Allen County Community Corrections or Allen County Sheriff's Department that Defendant Hunter executed that is unconstitutional. Any liability as to Defendants Allen County Community Corrections and the Allen County Sheriff's Department ends there. Yet, even assuming for arguments sake that this Court did find a genuine issue of material fact concerning a constitutional violation in regards to Defendant Officer Hunter, the Plaintiff's Complaint and Response are significantly deficient of any proper allegation in light of *Monell* to support liability under § 1983 for these Defendants. *Hill*, 724 F.3d at 967–68 (reversing grant of summary judgment because district court should have considered the plaintiff's statements as evidence as they were based on personal knowledge and specific facts). Here, the Plaintiff neither sets forth specific facts nor bases his allegations on personal knowledge (across the street at the time of the incident, promptly left in Animal Care vehicle after representatives of the Defendants arrived) to support his claim of a constitutional violation. Summary judgment in favor of Defendants Allen County Community Corrections and Allen County Sheriff's Department is appropriate because there are no genuine issues of material fact and the Defendants are entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' Motion for Summary Judgment [ECF No. 21].

SO ORDERED on July 17, 2015.

/s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT